IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRAVIS WAYNE GOODSELL,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation Sole,<br><br>　　　　　　　　Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:20-cv-633-TC |

　　　　Pro se plaintiff Travis Wayne Goodsell alleges that Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and other non-defendants such as former Utah Governor Gary Herbert, judges of this court, and his landlord, have committed various criminal acts.[1]  His causes of action are based on statutory provisions titled "Tampering with a Witness, Victim, or Informant,"[2] "Terrorism,"[3] and "Treason, Sedition, and Subversive Activities."[4]

　　　　Defendant has filed a Motion to Dismiss the Amended Complaint under Rule 12(b)(6). It

---

[1] Although Mr. Goodsell cites to the RICO statute and Civil Rights Act provisions in his Civil Cover Sheet and Complaint heading, the body of his complaint focuses on different legal provisions.
[2] 18 U.S.C. § 1512.
[3] 18 U.S.C. Chapter 113B
[4] 18 U.S.C. Chapter 115.

1

asserts that the complaint "is frivolous on its face and fails to state anything close to a cognizable claim against Defendant." (Mot. Dismiss at 1, ECF No. 12.) Mr. Goodsell filed a response to that motion and followed up with two of his own motions: Motion for Leave to Amend under Federal Rule of Civil Procedure 15(a)(2), and Motion for Default Judgment (the motion's title is a misnomer, as explained below, but for now the court uses the title Mr. Goodsell uses).

For the reasons set forth below, the court grants the motion to dismiss because the complaint fails to state a claim upon which relief can be granted. Mr. Goodsell's motion for leave to amend is denied because the motion does not comply with local rule requirements applicable to Rule 15(a) motions. And the court denies the motion for default judgment because Mr. Goodsell provides no basis for the relief he requests.

**Motion to Dismiss**

Standard of Review

Rule 8 requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the plaintiff fails to satisfy this "notice pleading" requirement, he may be subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

When reviewing Defendant's Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations as true and construe them in a light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Id.  To avoid dismissal, a plaintiff must state a facially-plausible claim containing "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

Because Mr. Goodsell is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court must not assume the role of advocate on behalf of a pro se litigant.  Id.  And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

The Allegations

Mr. Goodsell presents an incoherent set of allegations that articulate implausible conspiracies.  For example, in one of many similar allegations, he asserts that an LDS church official:

> [i]n the current CEO's first General Conference, … announced the Defendant was compromised to Russia. He also, in that first Conference, took away the High Priesthood generally, which in Mormon theology is necessary for the Highest Kingdom of afterlife glo1y. In so doing Russell M Nelson placed Kompromat in return on Mormons. With the Corona virus, Nelson, a Medical Doctor, has been aiding and abetting in the plot to infect all Americans to likewise place we the people in Kompronmt, which has genocidally murdered over 200~000 Americans with more than 7 or 8 million infected to date. Utah has been in ~Red' for at least a month, yet the Utah Governor and Liemtenant Governor keep exposing Utahans to the virus, puffing money for corporations like the Defendant; over Utahan's lives. The Utah Government's Coronavirus website homepage, has been declaring the White Supremacist slogan of "Stay Strong".  Likewise, the Defendant's CEO refuses to shut the religious and business operations down, thus doing what the Book of Mormon wru:ns against, "murder to get gain".

(Am. Compl. at pp. 7–8.)  He also says that

> Defendant was involved in the Stock Market Selloff in March, was caught covering up payments to Dr. Cohn, and intentionally hesitating to shut down their Businesses and Religious place of worship in direct defiance of all warnings from Health Professionals, as the Defendant's CEO is himself a world renowned

> Medical Doctor and Surgeon, resulting in the contribution to the escalation and prolonging of Coronavirus Pandemic.

(Am. Compl. at pp. 10–11.) And there is this allegation:

> The Defendant originates from the terrorist Illuminati as they murdered the founder and his brother, took over leadership claiming true succession, but using the Illuminati symbols as signs to other Illuminati, on the Nauvoo Temple, the Salt Lake and Logan Temples and on the Seagull Gate Arch on State Street at Temple Square.

(Am. Compl. at p. 9.) Other allegations are similarly implausible and devoid of information that would state a claim for relief. The same can be said of the relief he requests: "a vesting of title to Defendant's corporation to the Plaintiff as would best secure the rights, life, liberty and property of the Plaintiff." (Am. Compl. at p. 11.)

Mr. Goodsell also targets individuals other than Defendant. (See Counts 1–5, 9 in Am. Compl.) As with the claims against Defendant, the allegations against them are incoherent.

All of this is compounded by the fact that Mr. Goodsell alleges violation of criminal statutes prohibiting tampering with a witness, informant, or victim; terrorism; and treason. None of these allow a private cause of action.

In short, Mr. Goodsell's incoherent complaint is frivolous and must be dismissed for failure to state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss is granted.[5]

**Motion For Leave to Amend**

Mr. Goodsell filed a motion for leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2). The motion consists of two sentences: "The Plaintiff requires another

---

[5] The court will not deny the motion to dismiss without prejudice to allow Mr. Goodsell to cure pleading deficiencies. He has already been given that chance. (See Oct. 8, 2020 Order Dismissing Case, ECF No. 7 (dismissing case without prejudice and giving Mr. Goodsell an opportunity to file an amended complaint).)

Amended Complaint due to the violation of Federal Law and Court Procedures by both Judge Jenkins and Counsel for the Defense. Such Motion must be heard before a Judicial Reassignment as the previous Amended Complaint includes Judge Jenkins." He does not attach a copy of his proposed amended complaint.

The court's local rule says a pro se "party moving under Fed. R. Civ. P. 15(a)(2) for leave to amend a pleading must attach … the proposed amended pleading" to the motion. Local Rule DuCivR 15-1(a)(1). Because Mr. Goodsell has not followed the rule (the purpose of which is to give the court something to evaluate), the court will not consider his motion for leave to amend. Accordingly, the motion is denied.

**Motion for Default Judgment**

Upon review of Mr. Goodsell's "Motion to/for: Immediate Default Judgment with Pejudice[*sic*]," it is apparent that he is seeking disqualification of certain judges from his case, because he cites to 28 U.S.C. § 455, titled "Disqualification of Justice, Judge, or Magistrate Judge." But he asks for judgment against Defendant.

He directs his motion to Chief Judge Robert Shelby because he apparently feels he cannot get a fair hearing from other judges of the court.

> Mormon Justices and Clerks have all been giving aid and comfort to the Defendant to which they are compromised and invested in to the point of actions consistent with bias and prejudice in favor of the Defendant. As your Honor is the Chief Judge and has previously divested himself from the Defendant and has demonstrated that divestment with the LGBTQ ruling mentioned above; the Plaintiff seeks Your Honor's Immediate Default Judgment with Prejudice and a Vesting of Title to the Plaintiff as the requested Relief.

(Mot. Default J. at 8, ECF No. 25.)

Whether one views the motion as one for default judgment or one for disqualification, the motion is deficient.

Default judgment applies when the defendant has not responded in any way to the complaint. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). But Defendant has responded with its motion to dismiss. In other words, it has not "failed to plead or otherwise defend." Accordingly, default judgment is not appropriate.

As for disqualification, Mr. Goodsell has not provided a valid reason for the relief he seeks. The statute requires a judge to disqualify himself if "his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455.

In his motion, he does not coherently explain facts supporting his request. A party seeking disqualification must state with particularity "the identifying facts of time, place, persons, occasion, and circumstances." Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992). See also United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (requiring a "reasonable factual basis" for disqualification as understood by a "reasonable person").

To the extent he says the judges are biased because of rulings they issued in his case, that is not a sufficient reason to disqualify. See, e.g., Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992) ("adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification"). And he may not request that a particular judge handle the case. United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (28 U.S.C. § 455 "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.").

Finally, even if disqualification was necessary, the relief would not be judgment. Instead, the case would be transferred to a different judge who would decide the merits of subsequent motions filed by the parties.

Mr. Goodsell has not done what is necessary to obtain the relief requested in his motion. Accordingly, it is denied.

## ORDER

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 12) is GRANTED, Plaintiff's Motion for Leave to Amend (ECF No. 14) is DENIED, and Plaintiff's Motion for Default Judgment (ECF No. 25) is DENIED.

DATED this 28th day of January, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge